UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GORDON H. HAYES, JR.,<br>    Plaintiff,<br><br>v.<br><br>JOHN O. MIRICK and MIRICK,<br>O'CONNELL, DEMALLIE & LOUGEE, LLP,<br>    Defendants. | )<br>)<br>)<br>)  DOCKET NO. 1:18-cv-12238<br>)<br>)<br>)<br>)<br>) |

## OPPOSITION OF PLAINTIFF GORDON H. HAYES, JR. TO MOTION TO DISMISS FILED BY DEFENDANTS

Now comes Plaintiff Gordon H. Hayes, Jr. and respectfully files this Opposition to the Motion to Dismiss that has been filed by Defendants John O. Mirick and Mirick, O'Connell, DeMallie & Lougee, LLP (collectively, "the Defendants"). As set forth in more detail below, the Complaint filed in this matter more than adequately states, for each enumerated count, a claim for which relief can be granted. Accordingly, the Defendants' Motion to Dismiss should be denied, in its entirety.

### I. The Complaint states a Claim to Relief that is Plausible on its Face

In order to avoid dismissal pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). The Complaint filed by Mr. Hayes clearly meets this threshold. More specifically, the Complaint clearly alleges, without limitation, that, at all relevant times:

1

1. Mr. Hayes was a protected person under conservatorship (see Complaint, ¶¶8-9);

2. Mr. Mirick was not the properly-appointed conservator for Mr. Hayes, but he nevertheless undertook the role of conservator without court authority (see Complaint, ¶10-12);

3. because Mr. Hayes had been blocked from all contact with his court-appointed conservator (who is a partner in Mr. Mirick's law firm), Mr. Hayes was forced to accept Mr. Mirick's role as his *de facto* conservator (see Complaint, ¶¶13-15); and,

4. while serving as Mr. Hayes' de facto conservator, Mr. Mirick engaged in a variety of wrongful acts and omissions that are specifically alleged in the Complaint (see Complaint, ¶¶16-41).

In sum, Mr. Hayes' Complaint contains sufficient factual allegations to plausibly support his claim that Mr. Mirick acted improperly as his *de facto* conservator, and that Mr. Mirick is liable to Mr. Hayes for this improper activity. Accordingly, the Complaint is not subject to dismissal. See Ashcroft v. Iqbal, 556 U.S. at 679, citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556. ("[A] complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.")

Further, and as the First Circuit repeatedly has noted, the touchstone for gauging a complaint is whether "the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, [in which case] the complaint is open to dismissal." Morales-Cruz v. University of Puerto Rico, 676 F.3d 220,

224 (1st Cir. 2012), quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir.2010) (en banc). Mr. Hayes' Complaint also satisfies this standard, because the Complaint's factual allegations are far from being "too meager, vague, or conclusory." Id.

**II.     The Defendants are not entitled to dismissal pursuant to the Litigation Privilege, because that doctrine is limited to statements, not conduct.**

As noted in the Defendants' memorandum of law, the litigation privilege generally shields an attorney from liability for ***statements*** made while representing a party during litigation. In fact, virtually every decisional quote within the Defendants' argument regarding the litigation privilege contains the word "statement."

On the other hand, the Defendants' memorandum of law simply ignores the longstanding distinction that, while the litigation privilege shields attorneys from liability for their statements, it does not protect them from liability for their conduct. This distinction is fatal for the Defendants' Motion to Dismiss, because the Complaint alleges actionable conduct, not actionable statements.

As explained by the Massachusetts Appeals Court, the litigation privilege does not "extend to claims that allege conduct, not speech, as the basis for liability. To the contrary, such an extension would unmoor the privilege from its original purpose -- to shield individuals from defamation claims based on testimony given during a judicial proceeding." The Gillette Company v. Provost, 91 Mass. App. 133, 142 (2017). During the course of reaching this decision, the Appeals Court explained that "[a]t its core the litigation privilege is intended to protect participants in judicial proceedings from actions for defamation based on 'statements' they made preliminary to or during the proceedings." Id. at 140, quoting Sriberg v. Raymond, 370 Mass. 105, 108-109 (1976). See, also, 58 Swansea Mall Drive, LLC v. Gator Swansea Property, LLC, Docket No. 15-13538-RGS (USDC – Mass. October 12, 2016) ("The law draws

a distinction between holding a speaker liable for the content of her speech, on the one hand, and using that speech as evidence of her misconduct, on the other. The litigation privilege applies in the former context, but not the latter.")

In the instant matter, the Complaint alleges various acts of actionable <u>conduct</u>, not speech, by the Defendants. Consequently, the litigation privilege simply does not apply.

**III.     The Complaint Properly States Claims for Breach of Fiduciary Duty and Negligence**

In their pending motion to dismiss, the Defendants contend the Plaintiff's claims for breach of fiduciary duty and negligence must fail, because Defendant John Mirick owed no duty of care to Mr. Hayes. In making this argument, the Defendants are asking this Court to ignore Paragraphs 12-15 and 31-34 of the Complaint, which allege the extraordinary means by which Mr. Mirick was inserted as the sole person upon whom Mr. Hayes could rely for conservatorship of his estate. Stated differently, and as alleged in the Complaint, Mr. Hayes was deprived of any access to Tracy Craig, his court-appointed conservator (<u>see</u> Complaint, ¶¶12-15), and Mr. Mirick stepped into the role of conservator by, *inter alia* and without limitation, initiating and participating in discussions with Mr. Hayes' mental health treatment providers, regarding Mr. Hayes' current mental functioning, without the presence of Ms. Craig (<u>see</u> Complaint, ¶¶31-34). Indeed, discussing a protected person's current mental functioning with the protected person's mental health treatment providers is a core function of a conservator and, as alleged in the Complaint, Mr. Mirick undertook that core function outside the presence of Ms. Craig, the appointed conservator.
<u>See</u> Complaint, ¶¶31-34.

Under these circumstances, the Complaint more than adequately alleges that Mr. Mirick assumed the role of Mr. Hayes' *de facto* conservator, and then breached his concomitant duties to Mr. Hayes. <u>See</u>, <u>also</u>, <u>Complaint</u>, ¶¶43 ("By assuming the role of the Plaintiff's conservator,

Mr. Mirick owed a fiduciary duty to the Plaintiff."), 44, 47 ("By assuming the role of serving as the Plaintiff's conservator, Mr. Mirick owed the Plaintiff a duty of due care with regard to safeguarding the Plaintiff's financial affairs and assets."), and 48.

The Defendants' motion suggests that, as a matter of law, Mr. Mirick cannot be found liable for negligence and breach of fiduciary duty, because Mr. Mirick was not actually appointed by the court to serve as Mr. Hayes' conservator. This contention is without merit. As an initial matter, and as the Defendants concede in their memorandum of law, a conservator acts in a fiduciary capacity for the protected person. Moreover, because (1) Mr. Mirick voluntarily undertook the position as Mr. Hayes' *de facto* conservator (as evidenced by, *inter alia* and without limitation, Mr. Mirick's direct consultations with Mr. Hayes' mental health providers (see Complaint, at ¶¶31-34)) and (2) Mr. Mirick knew that Mr. Hayes would rely on Mr. Mirick's services (because the original conservator, Ms. Craig, had completely cut off all contact with Mr. Hayes (see Complaint, ¶¶12-15), Mr. Mirick assumed duties of fiduciary care and reasonable care to Mr. Hayes. See, e.g., Van Brode Group, Inc. v. Bowditch & Dewey, 36 Mass. App. 509, 516 (1994) (fiduciary obligation extends to "a duty to nonclients who the attorney knows will rely on the services rendered").

In sum, and as clearly alleged in the Complaint, Mr. Mirick voluntarily took over the role of Mr. Hayes' conservator for the 2-year period between August 2015 and August 2017, after Ms. Craig blocked all contact with Mr. Hayes and forced Mr. Hayes to rely upon Mr. Mirick's services. Under these circumstances, Mr. Mirick clearly owed duties of fiduciary care and reasonable care to Mr. Hayes. Consequently, Mr. Hayes' claims for breach of fiduciary duty and negligence should not be dismissed.

### IV. The Complaint Properly States a Claim for Intentional Infliction of Emotional Distress

As alleged in the Complaint, Mr. Mirick's misconduct against Mr. Hayes included, without limitation, the following activities:

1. over the course of four months, while Mr. Hayes was seeking the return of his pet dog from Ms. Craig, Mr. Mirick engaged in an ongoing pattern of oral and written deceit that was intended to hide the fact that Ms. Craig had improperly given Mr. Hayes' pet dog to an unknown third party (see Complaint, ¶¶51-58);

2. Mr. Mirick drafted and published, to third parties, defamatory emails that falsely alleged the Plaintiff had engaged in immoral and unlawful behavior (see Complaint, at ¶¶64-66); and,

3. Mr. Mirick repeatedly disseminated highly personal and intimate information about Mr. Plaintiff to third parties, without any legitimate interest in disseminating this information (see Complaint, ¶¶68-70).

Significantly, Mr. Mirick engaged in these activities at a time when he knew that Mr. Hayes was a protected person under a conservatorship. Indeed, Mr. Mirick engaged in these activities while his law firm was reaping a substantial financial benefit from that conservatorship.

In seeking to dismiss Mr. Hayes' claim for intentional infliction of emotional distress, the Defendants blithely pronounce that Mr. Mirick's misconduct does not descend to the requisite level of "extreme and outrageous". Apparently, despite the fact that the Defendants have collected hundreds of thousands of dollars from the Plaintiff's status as a protected person under conservatorship, they still cannot contemplate the extreme and outrageous nature of knowingly deceiving Mr. Hayes, for a period of four months, for the purpose of giving his pet dog to an unknown third party.

By its nature, the "extreme and outrageous" standard requires a factually-specific, subjective analysis, and cannot be readily dismissed at this early stage of the litigation, in light of the unique facts alleged in the instant Complaint.  See, e.g., Butcher v. University of Massachusetts, 94 Mass. App. 33, 42-43 (2018) (whether alleged conduct is sufficiently extreme and outrageous to support a claim for intentional infliction of emotional distress is a question of fact); Tech Plus, Inc. v. Ansel, 59 Mass. App. 12, 26 (2003) (jury permitted to find extreme and outrageous conduct where defendant made multiple statements to his colleagues that plaintiff, fellow colleague, had engaged in anti-Semitic and homophobic behavior in the past). Consequently, Mr. Hayes' claim for intentional infliction of emotional distress should not be dismissed.

V.      **The Complaint Properly States a Claim for Invasion of Privacy**

The Complaint clearly alleges that, while Mr. Mirick was serving as Mr. Hayes' *de facto* conservator from August 2015 until August 2017:

1. "Mr. Mirick repeatedly disseminated highly personal and intimate information about the Plaintiff to third parties, including the Plaintiff's adult children" (see Complaint, at ¶68);

2. Mr. Hayes "did not consent to the dissemination of this personal and intimate information by Mr. Mirick" (see Complaint, at ¶69);

3. "Mr. Mirick had no legitimate interest in disseminating this personal and intimate information to third parties" (see Complaint, at ¶70); and,

4. "Mr. Mirick's invasion of [Mr. Hayes'] privacy interests has caused [Mr. Hayes] to suffer, and continue to suffer, damages" (see Complaint, at ¶71).

The Defendants have somehow concluded that these allegations do not sufficiently state a claim for invasion of privacy, although the elements of this cause of action are limited to "a gathering and dissemination of facts of a private nature that resulted in an unreasonable, substantial or serious interference with [the plaintiff's] privacy." See Barrigas v. United States, 2018 WL 1244780, at *7 (D. Mass. March 9, 2018).

Again, the applicable standard is whether a complaint "state[s] a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Mr. Hayes' claim for invasion of privacy meets this standard, and should not be dismissed.

**VI.   The Complaint Properly States a Claim for Defamation**

The Complaint clearly alleges that, while Mr. Mirick was serving as Mr. Hayes' *de facto* conservator from August 2015 until August 2017:

1. "While serving as [Mr. Hayes] *de facto* conservator, Mr. Mirick drafted and published, to third parties, defamatory emails that falsely alleged [Mr. Hayes] had engaged in immoral and unlawful behavior." (see Complaint, at ¶64);

2. "Mr. Mirick published these false and defamatory emails with the knowledge that the statements were false, or with reckless disregard as to the falsity of the statements" (see Complaint, at ¶65); and,

3. "Mr. Mirick's publication of false and defamatory statements regarding [Mr. Hayes] has caused [Mr. Hayes] to suffer, and continue to suffer, damages, including but not limited to emotional distress and injury to his reputation" (see Complaint, at ¶66).

These allegations sufficiently state a claim for defamation, because Mr. Hayes has specifically alleged the timeframe during which these statements were made (i.e., while Mr. Mirick was

serving as Mr. Hayes' *de facto* conservator), the context in which Mr. Mirick made these statements (i.e., in his capacity as Mr. Hayes' *de facto* conservator), the nature of the statements (i.e., that Mr. Hayes had engaged in immoral and unlawful behavior), and the specific medium (i.e., email) by which the statements were made.

Nevertheless, the Defendants contend Mr. Hayes' allegations are not sufficient, because the allegations do not repeat – for everyone with access to a computer and a PACER account to read – the defamatory statements made by Mr. Mirick. While Mr. Hayes fully realizes that the nature of these defamatory statements is likely to be the subject of discovery, he has no obligation to repeat the defamatory statements in his Complaint, for public consumption. At this point, the Complaint more than sufficiently states a claim for defamation.

Further, the Defendants' reliance on the litigation privilege remains misplaced. As noted above, that doctrine applies to <u>statements</u> made by an attorney during the course of litigation, while Mr. Hayes' Complaint is premised on Mr. Mirick's <u>conduct</u> as the *de facto* conservator. The Defendants are entitled to claim that Mr. Mirick's activities were undertaken solely as counsel for Ms. Craig[1], but that unsubstantiated claim is not sufficient to invoke the litigation privilege.

---

[1] Mr. Hayes will be interested in observing, as this matter proceeds, how the Defendants attempt to balance their position that Mr. Mirick was acting solely as Ms. Craig's counsel, with Mr. Hayes' status as a protected person under a conservatorship. More specifically, who was protecting Mr. Hayes' interests as a protected person, if his court-appointed conservator (Ms. Craig) had blocked all communications with him, and the only attorney in her law firm who maintained contact with Mr. Hayes was doing so solely in his capacity as Ms. Craig's litigation attorney?

**CONCLUSION**

For the reasons set forth above, Plaintiff Gordon H. Hayes, Jr. respectfully moves this Honorable Court to deny, in its entirety, the pending Motion to Dismiss that has been filed by the Defendants.

        Respectfully submitted,
        **The Plaintiff**
        **GORDON H. HAYES, JR.**
        By his attorney,

        /s/ John S. Day
        John S. Day (Bar No. 8625)
        Day Law Firm, P.C.
        185 Devonshire Street, Suite 1100
        Boston, MA 02110
        617-340-6617 (telephone)
        617-507-7667 (facsimile)
        jday@daylaw.com

Date:   December 27, 2018

**CERTIFICATE OF SERVICE**

I, John S. Day, Esq., hereby certify that, on December 27, 2018, the foregoing document has been filed through the ECF system, and a copy thereof will be sent by electronic transmission to all registered participants identified on the Notice of Electronic Filing.

        /s/ John S. Day
        John S. Day, Esq.