**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| GORDON H. HAYES, JR., | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | NO. 18-12238-TSH |
| v. | ) | |
| | ) | |
| JOHN O. MIRICK and MIRICK, O'CONNELL, DEMALLIE & LOUGEE, LLP | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

# MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS
(Docket No. 14)

**May 13, 2019**

**HILLMAN, D.J.**

Gordon H. Hayes, Jr. ("Plaintiff") filed this suit bringing several claims against John O. Mirick ("Defendant Mirick") and Mirick, O'Connell, DeMaillie & Lougee, LLP ("Mirick O'Connell") (collectively "Defendants"). Plaintiff brings eight claims against Defendant Mirick: breach of fiduciary duty (Count I), negligence (Count II), deceit and misrepresentation (Count III), civil conspiracy (Count IV), defamation (Count V), invasion of privacy (Count VI), intentional infliction of emotional distress (Count VII), and unjust enrichment (Count VIII). Plaintiff also brings a claim for vicarious liability against Mirick O'Connell (Count IX), premised on Defendant Mirick's alleged liability, who is of counsel at Mirick O'Connell.

Defendants subsequently filed a motion to dismiss for failure to state a claim. (Docket No. 14). For the reasons stated below, Defendants' motion is ***granted*** in part and ***denied*** in part.

**Background**

The following facts are taken from Plaintiff's Complaint (Docket No. 2) and assumed to be true for the purposes of this motion. The court also may consider "matters fairly incorporated within [the Complaint] and matters susceptible to judicial notice." *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003).

On November 18, 2008, the Plymouth County Probate and Family Court appointed Attorney Tracy A. Craig to serve as Plaintiff's permanent conservator. On October 21, 2015, Plaintiff filed a complaint in Worcester Superior Court against Attorney Craig. (Docket No. 15-1, at 2). Subsequently, Attorney Craig, represented by Defendant Mirick, petitioned to resign as Plaintiff's conservator. *Id.* at 7.[1] On July 1, 2016, Plaintiff then filed a petition to terminate the conservatorship. On August 17, 2017, the Plymouth County Probate & Family Court terminated the conservatorship.

From August 2015 until the termination of the conservatorship, Plaintiff was unable to reach Ms. Craig and was instead forced to direct his inquiries to Defendant Mirick. Plaintiff contends that Defendant Mirick, while acting as Plaintiff's "*de facto* conservator," breached his fiduciary duty to Plaintiff, disclosed Plaintiff's personal information to third parties, engaged in deceit and misrepresentation regarding Plaintiff's assets, conspired with Ms. Craig to convert Plaintiff's assets, and improperly withdrew money from Plaintiff's assets for compensation.

## **Legal Standard**

A defendant may move to dismiss, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl.*

---

[1] Plaintiff's verified complaint and Attorney Craig's petition to resign as conservator are susceptible to judicial notice. *See Rife v. OneWest Bank, F.S.B.*, 2016 WL 8709995, at *1 (D. Mass. Feb. 12, 2016) (considering verified complaint and docket from plaintiff's earlier Land Court action on motion to dismiss), *aff'd*, 873 F.3d 17 (1st Cir. 2017).

*Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955 (2007). Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000). It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937 (2009) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). On the other hand, a court may not disregard properly pled factual allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.

## Discussion

### 1. Litigation Privilege (All Counts)

Defendants argue that all of Plaintiff's claims improperly rely on communications protected by the litigation privilege. Defendants have the burden of demonstrating the privilege applies. *Meltzer v. Grant*, 193 F. Supp. 2d 373, 381 (D. Mass. 2002). The litigation privilege "shields an attorney from civil liability to nonclients for statements made in the course of litigation." *Bartle v. Berry*, 80 Mass.App.Ct. 372, 378 (2011). Further, statements are privileged "where such statements are made by an attorney engaged in his function as an attorney whether in

3

the institution or conduct of litigation or in conferences and other communications preliminary to litigation." *Striber v. Raymond*, 370 Mass. 105, 109 (1976).

The privilege does not, however, "extend to claims that allege conduct, not speech, as the basis for liability. To the contrary, such an extension would unmoor the privilege from its original purpose—to shield individuals from defamation claims based on testimony given during a judicial proceeding." *The Gillette Company v. Provost*, 91 Mass.App.Ct. 133, 1442 (2017); *see also 58 Swansea Mall Drive, LLC v. Gator Swansea Property, LLC*, No. CV 15-13538-RGS, 2016 WL 5946872, at *1 (D. Mass. Oct. 12, 2016) ("The law draws a distinction between holding a speaker liable for the content of her speech, on the one hand, and using that speech as evidence of her misconduct, on the other.").

"Whether [the litigation] privilege applies is determined on a case-by-case basis, after a fact-specific analysis, with a proper consideration of the balance between a plaintiff's right to seek legal redress for injuries suffered and the public policy supporting the application of such a strong protection from the burdens of the litigation." *Fisher v. Lint*, 69 Mass.App.Ct. 360, 365-66, 868 N.E.2d 161 (2007).

Here, it is not clear from Plaintiff's pleadings whether the privilege applies. *See Shirokov v. Dunlap, Grubb & Weaver, PLLC*, 2012 WL 1065578, at *23 (D. Mass. Mar. 27, 2012) ("[A] motion to dismiss on the basis of the litigation privilege only succeeds when the entitlement to the privilege is demonstrated by the complaint itself."). It is true that "the most common application of the [litigation] privilege is to bar defamation actions brought against a speaker based on her statements in the course of a lawsuit for fear of undermining the truth-seeking function of the judicial process." *58 Swansea Mall Drive*, No. CV 15-13538-RGS, 2016 WL 5946872, at *1. It is also true, however, that "the unreasonable and unnecessary publication of information outside

of the litigation may negate the privilege." *Encompass Ins. Co. of MA v. Giampa*, 522 F. Supp. 2d 300, 309 (D. Mass. 2007); *see also Robert L. Sullivan, D.D.S., P.C. v. Birmingham*, 11 Mass.App.Ct. 359, 362, 416 N.E.2d 528 (1981) ("The privilege, however, cannot be exploited as an opportunity to defame with immunity, because it is available only when the challenged remarks are relevant or pertinent to the judicial proceedings. Moreover, the privilege may be lost by unnecessary or unreasonable publication to one for whom the occasion is not privileged." (citations omitted)). While the Court has taken judicial notice of the proceedings in which Defendant Mirick represented Ms. Craig, it is still not clear from the pleadings whether Defendant Mirick's statements fall within the scope of the litigation privilege. Therefore, it is inappropriate for the Court to decide whether it applies at this stage in the litigation. *See Meltzer*, 193 F. Supp. 2d at 381 (declining to decide whether the litigation applied on motion to dismiss because the motion was not "based on a contention the complaint 'on its face' supports the application of the privilege." (quoting *Kipp v. Kueker*, 7 Mass.App.Ct. 206, 210, 386 N.E.2d 1282 (1979)).

### 2. Fiduciary Duty & Negligence (Counts I & II)

Defendants next argue that Plaintiff fails to state a claim for breach of fiduciary duty and negligence because Defendant Mirick owed no duty to Plaintiff. "To satisfy the elements of a claim for breach of fiduciary duty, the plaintiff must allege four elements: (1) existence of a fiduciary duty arising from a relationship between the parties, (2) breach of that duty, (3) damages, and (4) a causal relationship between the breach and the damages." *Szulik v. State St. Bank & Tr. Co.*, 935 F. Supp. 2d 240, 275 (D. Mass. 2013). In addition, "[t]o state a claim for negligence under Massachusetts law, a plaintiff must allege: (1) a legal duty owed by defendant to plaintiff; (2) a breach of that duty; (3) proximate or legal cause; and (4) actual damage or injury." *MacKenzie v. Flagstar Bank, FSB*, 738 F.3d 486, 495 (1st Cir. 2013).

5

Plaintiff contends that a duty arose for both claims because Defendant Mirick "assum[ed] the role of the Plaintiff's conservator." (Docket No. 1 ¶¶ 43, 47). In Massachusetts, a conservator may only be appointed by a court after notice and hearing. *See* Mass. Gen. L. c. 190B § 5-401(a) ("Upon petition and after notice and hearing in accordance with the provisions of this part, the court may appoint a limited or unlimited conservator or make any other protective order for cause as provided in this section."). Plaintiff does not allege that a court appointed Defendant Mirick a conservator. Rather, Defendant Mirick acted as counsel to the court-appointed conservator, Ms. Craig, during the termination proceedings noted above. And while Ms. Craig may have continued to owe Plaintiff a duty as his conservator until that relationship was terminated, Defendant Mirick does not suddenly inherit Ms. Craig's duties by virtue of his representation. Accordingly, Counts I and II must be dismissed.

### 3. *Defamation (Count V)*

"Defamation claims under Massachusetts law have four elements: '(1) that [t]he defendant made a statement, concerning the plaintiff, to a third party; (2) that the statement was defamatory such that it could damage the plaintiff's reputation in the community; (3) that [t]he defendant was at fault in making the statement; and (4) that [t]he statement either caused the plaintiff economy loss . . . or is actionable without proof of economic loss.'" *IBX Jets, LLC v. Sullivan*, 2018 WL 1188752, at *3 (D. Mass. Mar. 7, 2018) (alterations in original) (quoting *Shay v. Walters*, 702 F.3d 76, 81 (1st Cir. 2012)).

Plaintiff contends that "Mr. Mirick drafted and published, to third parties, defamatory emails that falsely alleged the Plaintiff had engaged in immoral and unlawful behavior." (Docket No. 2 ¶ 64). In addition, "Mr. Mirick published these false and defamatory emails with the knowledge that the statements were false, or with reckless disregard as to the falsity of the

6

statements." *Id.* ¶ 65. Finally, "Mr. Mirick's publication of false and defamatory statements regarding the Plaintiff has caused the Plaintiff to suffer, and continue to suffer, damages, including but not limited to emotional distress and injury to his reputation." *Id.* ¶ 66.

Plaintiff has done nothing more than recite the elements of a defamation claim. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 ("[A] court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of actions, supported by mere conclusory statements, do not suffice."). Put another way, Plaintiff's allegations are not sufficiently specific to survive Defendants' motion. *See Ligotta v. Daly XXL Commc'ns, Inc.*, 2018 WL 1586340, at *5 (D. Mass. Mar. 26, 2018) ("The allegation that the statements were 'made to others' merely paraphrases the element of 'publication' and is not a factual statement adequate to support the claim."); *Samria Iglesia Evangelica, Inc. v. Lorenzo*, 2018 WL 3429912, at *4 (D. Mass. July 16, 2018) (dismissing defamation claim where the plaintiff "fail[ed] to plead even the context, timing, or recipient of any statement that it alleges 'affect[ed] its reputation'"); *Whyman v. Whalen*, 2018 WL 3130630, at *8 (D. Mass. June 22, 2018) ("Here, where [the plaintiff] failed to plead the context of the alleged defamatory statement, the timing of the statement, and the person to whom the statement was made, [the plaintiff] has failed to provide sufficient notice of the alleged defamatory statement to withstand [the defendant]'s Motion to Dismiss.").

Plaintiff has not requested leave to amend in the event this Court found the Complaint deficient, thus the Court need not invite him to do so. *See United States ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 242 (1st Cir. 2004) ("Absent exceptional circumstances, a district court has no obligation to invite a plaintiff to amend his or her compliant when the plaintiff has not sought such amendment."), *abrogated on other grounds by United States ex rel. Gagne v. City*

*of Worcester*, 565 F.3d 40 (1st Cir. 2009). Nonetheless, the Court will grant Plaintiff leave to amend Count V.

*4. Invasion of Privacy (Count VI)*

Massachusetts courts only recognize a statutory cause of action for invasion of privacy. Mass. Gen. L. c. 214, § 1B.[2] To state a claim, a plaintiff must demonstrate that there was "[1] a gathering and dissemination of facts of a private nature that [2] resulted in an unreasonable, substantial or serious interference with his privacy." *Branyan v. Southwest Airlines Co.*, 105 F. Supp. 3d 120, 126 (D. Mass. 2015) (citing *Nelson v. Salem State Coll.*, 446 Mass. 525, 845 N.E.2d 338, 348 (2006)). "To fall under the protection of the statute, the disclosed facts must be of a 'highly personal or intimate nature.'" *Taylor v. Swartwout*, 445 F. Supp. 2d 98, 103 (D. Mass. 2006) (quoting *Bratt v. Int'l Bus. Machs. Corp.*, 392 Mass. 508, 518, 467 N.E.2d 126 (1984)).

Plaintiff asserts that Defendant Mirick disseminated highly personal and intimate information about Plaintiff without consent or a legitimate purpose, which caused Plaintiff to suffer damages. (Docket No. 2 ¶¶ 68-71). Plaintiff has presented no facts that plausibly demonstrate he is entitled to relief. Instead, Plaintiff has pled conclusions that track the elements of his claim. That is not enough. *See Twombly*, 550 U.S. 544 U.S. at 555, 127 S.Ct. 1955.

As noted above, although the Court is not required to do so, it will also grant Plaintiff leave to amend Count VI.

---

[2] Plaintiff does not cite the Massachusetts statute providing a cause of action for invasion of privacy and "Massachusetts has never recognized a common-law invasion of privacy claim." *Barrigas v. United States*, 2018 WL 1244780, at *8 (D. Mass. Mar. 9, 2018); *see also Alberts v. Devine*, 395 Mass. 59, 70, 479 N.E.2d 113 (1985). Further, the First Circuit has explained, "it is not [the federal court's] place to create new causes of action under state law." *Spencer v. Roche*, 659 F.3d 142, 150 n.6 (1st Cir. 2011). Thus, federal courts have routinely dismissed common-law invasion of privacy claims. *See, e.g.*, *Cloutier v. City of Lowell*, 2015 WL 8751334, at *9 (D. Mass. Dec. 14, 2015) (dismissing plaintiff's Massachusetts common-law invasion of privacy claim). Nonetheless, I will assume that Plaintiff has attempted to assert a statutory claim.

*5. Intentional Infliction of Emotional Distress (Count VII)*

"To sustain a claim of intentional infliction of emotional distress, a plaintiff must show (1) that the defendant intended to cause, or should have known that his conduct would cause, emotional distress; (2) that the defendant's conduct was extreme and outrageous: (3) that the defendant's conduct caused the plaintiff's distress; and (4) that the plaintiff suffered severe distress." *Sena v. Commonwealth*, 417 Mass. 250, 263-64, 629 N.E.2d 986 (1994) (citation omitted). "Liability for 'extreme and outrageous' conduct 'cannot be predicated upon mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities, . . . rather, [l]iability [may be] found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Roman v. Trustees of Tufts College*, 461 Mass. 707, 718, 964 N.E.2d 331 (2012) (alterations in original) (quoting *Foley v. Polaroid Corp.*, 400 Mass. 82, 99, 508 N.E.2d 72 (1987)).

"The standard for making a claim of intentional infliction of emotional distress is very high." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 195 (1st Cir. 1996) (citing *Agis v. Howard Johnson Co.*, 371 Mass. 140, 144-45, 355 N.E.2d 315 (1976)). In addition, "[i]t is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Caputo v. Bos. Edison, Co.*, 924 F.2d 11, 14 (1st Cir. 1991) (applying Massachusetts law) (quoting Restatement (Second) Torts § 46 cmt. h (1965)).

Plaintiff alleges three bases for his claim. First, Defendant Mirick lied to Plaintiff in order to hide that Ms. Craig had improperly given Plaintiff's dog to an unknown third party. (Docket No. 2 ¶¶ 51-58). Second, Defendant Mirick drafted and published, to third parties, defamatory emails that falsely alleged Plaintiff engaged in immoral and unlawful behavior. *Id.* ¶¶ 64-66.

Third, Defendant Mirick disseminated personal and intimate information about Plaintiff to third parties without any legitimate purpose. *Id.* ¶¶ 68-70. Defendants argue that Defendant Mirick's alleged actions cannot be characterized as "extreme and outrageous" or "beyond all possible bounds of decency." (Docket No. 15, at 8).

Insofar as Plaintiff relies on Defendant Mirick's alleged lies regarding the whereabouts of Plaintiff's dog as a basis for his intentional infliction of emotional distress claim, that claim fails as a matter of law. *See Rule v. Fort Dodge Animal Health, Inc.*, 604 F. Supp. 2d 288, 305 n.17 (D. Mass. 2009) (noting that even if the plaintiff had alleged "that her increased concern about her dog's health was a cognizable personal injury, I would have declined to make such a finding" since "Massachusetts has not extended recovery of damages in tort for emotional distress resulting from an injury to a third party to include persons who suffer the loss of a companion animal" (citations omitted)); *Krasnecky v. Meffen*, 56 Mass.App.Ct. 418, 421-23, 777 N.E.2d 1286 (2002) (holding that sheep owners could not recovery damages for emotional distress against owners of dogs who had entered sheep owners' property and slaughtered sheep the previous day); *Recovery of Damages for Emotional Distress Due to Treatment of Pets and Animals*, 91 A.L.R.5th 545 (2001).

The second and third bases essentially reassert Plaintiff's otherwise insufficiently pled defamation and invasion of privacy claims. Massachusetts law permits a plaintiff to rely on defamatory statements for an intentional infliction of emotional distress claim. *See e.g.*, *Butcher v. University of Massachusetts*, 94 Mass.App.Ct. 33, 42, 111 N.E.3d 294 (2018) (holding that intentional infliction of emotional distress claim that was "premised on the same factual bases as [a] defamation claim" survived summary judgment); *Tech Plus, Inc. v. Ansel*, 59 Mass.App.Ct. 12, 26, 793 N.E.2d 1256 (2003) (permitting jury to find extreme and outrageous conduct where defendant made multiple statements to his colleagues that plaintiff, fellow colleague, engaged in

10

anti-Semitic and homophobic behavior). For the same reasons the predicate claims were dismissed, however, so to is Plaintiff's derivate infliction of emotional distress claim. Indeed, Plaintiff's "complaint is devoid of specific allegations of the emotional toll [Defendant's] actions took on [him]." *Rinsky v. Trustees of Boston University*, 2010 WL 5437289, at *11 (D. Mass. Dec. 27, 2010) (dismissing intentional infliction of emotional distress claim); *see also French v. United Parcel Service, Inc.*, 2 F. Supp. 2d 128, 132 (D. Mass. 1998) (dismissing intentional infliction of emotional distress claim that relied entirely on an inadequately pled invasion of privacy claim).

## Conclusion

For the reasons stated above, Defendants' motion (Docket No. 14) is ***granted*** in part and ***denied*** in part. Counts I, II, V, VI, and VII are dismissed for the reasons set forth above. Plaintiff will have 14 days to amend his Complaint with respect to Counts V and VI. Defendants' motion as to the remaining Counts is denied.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**